**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **MEMENTO MORI, LLC** ) | **Case No. 18-04661-5-DMW** |
| ) | **Chapter 11** |
| Debtor. ) | |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO**
**USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 and § 506(c)**

COMES NOW Memento Mori, LLC (hereafter the "Debtor"), by and through its undersigned counsel, and respectfully moves this Court for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363 and § 506(c).

Pursuant to Bankruptcy Rule 4001(b)(1)(B), the Debtor sets forth the following introductory statement:

1. The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. Memento Mori, LLC is a North Carolina limited liability company located in Cary, North Carolina that operates two boutique hotels in Cary and Durham. The company has been in operation since 2007. Currently, the Debtor has approximately 103 employees.

2. The Debtor believes that in order to maximize the value of its assets, the Debtor will be required to incur certain operating expenses.

3. The Debtor's only significant source of income is through continued operations and the cash proceeds generated thereby. It appears that the certain proceeds generated from the Debtor's business may constitute cash collateral of Pinnacle Bank ("Pinnacle"), American Express Bank, FSB ("AMEX"), U.S. Employment Development Lending Center, LLC ("USEDLC"),

Town of Cary ("Cary"), Mercantile Capital Corporation ("Mercantile") and Ibis Capital Group, LLC ("Ibis") (collectively, the "Secured Parties") within the meaning of § 363 of the Bankruptcy Code. The Debtor submits that the interests of the Secured Parties in cash collateral, to the extent perfected, are adequately protected by the equity cushion they enjoy in the real property. Alternatively, the Debtor submits that its request to use cash collateral to continue operations of the hotel properties is separately authorized by 11 U.S.C. § 506(c) and does not require additional adequate protection.

In support of this Motion, the Debtor shows unto this Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

2. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy Code on September 20, 2018 and currently operates as a debtor-in-possession.

3. The Debtor is a North Carolina limited liability company that owns and operates two boutique hotels: The Mayton Inn located in Cary, North Carolina ("Mayton Inn") and The King's Daughters Inn located in Durham, North Carolina (the "KD Inn"). Prior to filing, the Debtor, as the parent company, completed a corporate roll up of the following North Carolina subsidiaries: Mayton Landlord, LLC, King's Daughter Landlord, LLC, King's Daughter Tenant, LLC, DMC Historic Restoration, LLC and Memento Mori, LLC. The Debtor and parent company, Memento Mori, LLC, was the surviving entity.

## **KING'S DAUGTERS INN**

4. Upon information and belief, the Debtor's former subsidiary, King's Daughters Landlord, LLC, and Pinnacle Bank ("Pinnacle"), as successor by merger with Bank of North Carolina, as successor by merger to KeySource Commercial Bank are parties to a business loan

2

agreement. The Debtor, as the then parent company, signed the business loan agreement as a guarantor. To secure the loan, on April 21, 2011 Pinnacle placed a Deed of Trust Securing Future Advances on the KD Inn (See Book 6707 at Page 481 of the Durham County Registry). Further, Pinnacle filed a UCC-1 with the North Carolina Secretary of State bearing file number 20110023747J on March 22, 2011.

## THE MAYTON INN

5. Upon information and belief, the Debtor's former subsidiary, Mayton Landlord, LLC, and U.S. Employment Development Lending Center, LLC ("USEDLC") are parties to a promissory note and loan agreement dated October 16, 2014. To secure the loan, on October 29, 2014 USEDLC placed a Deed of Trust with Assignment of Rents and Notice of Security Agreement on the Mayton Inn property (See Book 15822 at Page 2635 of the Wake County Registry). Further, USEDLC filed a UCC-1 with the North Carolina Secretary of State bearing File Number 20140103788F on November 5, 2014. The Debtor does not believe that USEDLC has a validly perfected lien on the Debtor's cash collateral.

6. Upon information and belief, the Debtor's former subsidiary, Mayton Landlord, LLC, and Mercantile Capital Corporation ("Mercantile") are parties to a promissory note and loan agreement. To secure the loan, on October 29, 2014 Mercantile placed a Deed of Trust and Security Agreement and Fixture Filing on the Mayton Inn property (See Book 15822 at Page 2672 of the Wake County Registry). In addition to the Deed of Trust, Mercantile filed an Assignment of Leases, Rents and Profits at Book 15822 at Page 2673 of the Wake County Registry. Further, Mercantile filed UCC-1s with the North Carolina Secretary of State bearing File Numbers 20140103807H on November 5, 2014 and 20170130350C on December 28, 2017. The Debtor does not believe that Mercantile has a perfected lien on the Debtor's cash collateral.

7. Upon information and belief, the Debtor's former subsidiary, Mayton Landlord, LLC, and the Town of Cary ("Cary") are parties to a certain loan agreements. To secure the loans, on October 29, 2014 Cary placed a Deed of Trust on the Mayton Inn property (See Book 15822 at Page 2695 of the Wake County Registry). On October 29, 2014, Cary placed a Deed of Trust on the Mayton Inn property (See Book 18522 at Page 2696 of the Wake County Registry). In addition to the Deeds of Trust, Cary filed UCC-1s with the North Carolina Secretary of State against both Mayton Landlord, LLC and the Debtor (as then parent company) bearing file numbers 20140103814F and 20140103812C on November 5, 2014.

### MEMENTO MORI, LLC (Former parent company and Debtor)

8. Upon information and belief, the Debtor and American Express Bank, FSB ("AMEX") are parties to a loan agreement. AMEX filed two UCC-1s with the North Carolina Secretary of State bearing File Numbers 20140020303G on March 6, 2014 and 20150001052H on January 6, 2015. The Debtor believes that these loans have been paid in full and that AMEX has not current interest in cash collateral.

9. Upon information and belief, the Debtor and Ibis Capital Group, LLC ("Ibis") are parties to a loan agreement. Ibis filed a UCC-1 with the North Carolina Secretary of State bearing file number 20160034313E on April 7, 2016. The Debtor does not believe that Ibis has a valid security interest in the Debtor's cash collateral based upon its loan agreement and UCC filing.

10. As set forth above, several creditors assert liens on the Debtor's cash collateral, to the extent that certain portions of the Debtor's operating revenues constitute cash collateral within the meaning of 11 U.S.C. § 363.

11. The Debtor believes that in order to maximize the value of its assets, the Debtor will be required to incur certain operating expenses. The Debtor's only significant source of income

is through continued operations and the cash proceeds generated thereby. As a result, the Debtor respectfully requests a preliminary hearing on this Motion in order to avoid a cessation of operations and irreparable harm to the Estate.

12. The Debtor will require necessary funds for operating its business and other expenses. The Debtor will provide a budget specifying these expenses. The Debtor's budget will separate cash collateral and non-collateral receipts for the benefit of the Court and parties in interest.

13. The Debtor will maintain multiple Debtor-in-Possession ("DIP") bank accounts, into which it will deposit all cash, checks and other cash items. The Debtor will segregate its income from the two hotel properties into separate DIP accounts. Further, the Debtor will segregate its cash collateral and non-cash collateral income sources.

14. The Debtor represents that continued operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

15. Furthermore, if the use of cash collateral is not immediately approved, the Estate may suffer immediate and irreparable harm, in that it will not be able to pay its expenses from funds generated by operations. If the Debtor is unable to maintain constant cash flow, the return to creditors will be significantly impaired. Rule 4001(b)(2) of the Bankruptcy Rules reads as follows:

(2) Hearing. The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such fourteen (14) day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests a preliminary hearing

authorizing it to use cash collateral as specified in this Motion.

WHEREFORE, the Debtor respectfully prays for the following relief:

1. For a preliminary hearing on this Motion in order that immediate harm to the Estate can be avoided on September 24, 2018 at 1:30 p.m. in Raleigh;

2. For leave of the Court to pay necessary expenses utilizing current cash collateral generated by the above-described operations;

3. For an Order authorizing the Debtor's use of cash collateral in accordance with 11 U.S.C. § 363 and/or 11 U.S.C. § 506(c); and

4. For such other and further relief that this Court deems just and appropriate.

DATED: September 20, 2018

HENDREN, REDWINE & MALONE, PLLC

s/Jason L. Hendren
Jason L. Hendren
NC State Bar No.: 26869
Rebecca F. Redwine
NC State Bar No.:  37012
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 573-1422
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
Email:  rredwine@hendrenmalone.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MEMENTO MORI, LLC** | ) | **Case No. 18-04661-5-DMW** |
| | ) | **Chapter 11** |
| Debtor. | ) | |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court by **Monday, September 24, 2018 by 12:00 p.m.**; and,

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the motion and response thereto on **Monday, September 24, 2018 at 1:30 p.m. at the United States Bankruptcy Court, 300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, North Carolina**. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice. Any party filing an objection requesting a hearing, shall appear at said hearing or they may be taxed with Court costs

DATE: September 20, 2018                HENDREN, REDWINE & MALONE, PLLC

                                        s/ Jason L. Hendren
                                        Jason L. Hendren
                                        NC State Bar No.: 26869
                                        Rebecca F. Redwine
                                        NC State Bar No.: 37012
                                        4600 Marriott Drive, Suite 150
                                        Raleigh, NC  27612
                                        Telephone:  (919) 573-1422
                                        Facsimile:  (919) 420-0475
                                        Email:  jhendren@hendrenmalone.com
                                        Email:  rredwine@hendrenmalone.com