**SO ORDERED.**

**SIGNED this 29 day of November, 2018.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-04661-5-DMW |
| MEMENTO MORI, LLC | CHAPTER 11 |
| DEBTOR | |

### ORDER

This matter comes before the court upon the Motion to Seek Relief from Automatic Stay ("Stay Motion") filed on October 23, 2018 by Jerome P. Reimann ("Mr. Reimann") *pro se* on behalf of himself, Ann Reimann ("Ms. Reimann"), Rhonda Reimann, and Michael Hutchens (collectively, "Group") and upon the Motion to Amend Debtor's Petition ("Motion to Amend") filed by Mr. Reimann *pro se* on November 8, 2018. The court conducted a hearing on November 26, 2018 in Raleigh, North Carolina. Mr. Reimann, accompanied by Ms. Reimann, appeared on behalf of himself and the Group, Rebecca F. Redwine, Esq. and Jason L. Hendren, Esq. appeared on behalf of Memento Mori, LLC ("Debtor"), and Parker W. Rumley, Esq. appeared on behalf of the United States Bankruptcy Administrator ("BA"). Based upon the pleadings and arguments of the parties, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject

matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition ("Petition") for relief under Chapter 11 of the United States Bankruptcy Code on September 20, 2018 and is operating as a debtor-in-possession pursuant to 11 U.S.C. § 1107. The Debtor operates two boutique hotels: The Mayton Inn in Cary, North Carolina and The King's Daughters Inn in Durham, North Carolina.

3. On July 25, 2018, prior to the Petition, the Group and The Mayton Inn entered into a contract ("Contract") for Ms. Reimann's wedding reception to be held at The Mayton Inn on June 23, 2019, including use of the ballroom and all hotel rooms. The Group, through various cash and credit card payments by its members, paid a total deposit of $20,000.00 ("Deposit") to secure this reservation.

4. Subsequent to the Petition, on October 3, 2018, the Group and The Mayton Inn executed an addendum ("Addendum") to the Contract which provides, *inter alia*, that the Deposit is fully refundable until the earlier of seven days prior to the scheduled wedding reception or final resolution of the Debtor's bankruptcy case. The following day, on October 4, 2018, Ms. Reimann requested The Mayton Inn to return the Deposit.

5. In the Stay Motion, Mr. Reimann argues that the Addendum was executed by the Debtor post-petition in the ordinary course of its business and not subject to court approval; therefore, the Debtor should be compelled to return the Deposit, with the automatic stay imposed by 11 U.S.C. § 362 being modified to allow the Group to accept the return of the Deposit. In its Response to the Stay Motion filed on November 6, 2018, the Debtor objects to Mr. Reimann, who is not a licensed attorney, representing the interests of Ms. Reimann and the Group.

6. In the Motion to Amend, Mr. Reimann seems to question transactions of the Debtor and its owners and affiliates involving property in Nevada known as the Resort on Mount Charleston. Mr. Reimann requests the court to require the Debtor to amend the Petition to include this property and to grant Mr. Reimann a first-priority lien on the property to satisfy the return of the Deposit requested in the Stay Motion.

7. At the hearing, upon questioning by the court, Ms. Reimann explained[1] that she desires to cancel her reservation at The Mayton Inn, because she is worried that the Debtor's bankruptcy proceeding creates a risk of The Mayton Inn closing and ceasing operations prior to her wedding date, resulting in no venue for her wedding reception and a loss of the Deposit. While understandable, these concerns are unfounded, because the Debtor is continuing to operate, is formulating a plan of reorganization, and is being monitored by the BA and a committee of unsecured creditors, as well as secured creditors in the case. Nevertheless, the Debtor does not object to returning the Deposit, provided that the Contract is deemed rejected and terminated, and the Group's reservation for use of the ballroom and hotel rooms on June 23, 2019 canceled so that others can reserve space at The Mayton Inn on that date.

8. The Local Civil Rules of Practice and Procedure for the United States District Court for the Eastern District of North Carolina, of which this court is a unit pursuant to 28 U.S.C. § 151, provide that—

> [a] corporation, a limited liability company, a partnership, a trust, an association, or any other entity that is not a natural person cannot appear *pro se* and must be represented by an attorney in accordance with Local Civil Rule 83.1. Except as otherwise permitted by law,[2] no self-represented party may appear on behalf of another self-represented party.

---

[1] Ms. Reimann did not testify under oath.
[2] Under North Carolina law, it is "unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body . . . to maintain, conduct, or defend the same, except in his own behalf as a party thereto . . . ." N.C. Gen. Stat. § 84-4 (1995).

EDNC Local Civil Rule 5.2(b)(2).  Despite the Debtor's willingness to return the Deposit, the court cannot grant the relief as presented, because the Contract and Addendum were executed on behalf of the Group, and Mr. Reimann is not authorized to appear before this court as a *pro se* agent or representative of the Group.

9.     Upon filing of the Motion to Amend, the court was unclear about the relief being sought therein and docketed it as a "Motion to Appoint Trustee."  At the hearing, Mr. Reimann conceded that although he filed the Motion to Amend on his own behalf and raised issues about the Debtor's Petition, he was seeking ultimately a return of the Deposit to the Group that he is unauthorized to represent; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Stay Motion and the Motion to Amend be, and hereby are, denied without prejudice.

**END OF DOCUMENT**