**SO ORDERED.**

**SIGNED this 10 day of January, 2019.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | **CHAPTER 11** |
| | ) | |
| **MEMENTO MORI, LLC** | ) | |
| **dba TONIC REMEDIES** | ) | |
| **fdba MAYTON LANDLORD, LLC** | ) | |
| **dba THE VERANDAH** | ) | |
| **fdba KING'S DAUGHTER LANDLORD, LLC** | ) | **CASE NO. 18-04661-5-DMW** |
| **dba THE KING'S DAUGHTERS INN** | ) | |
| **fdba KINGS DAUGHTER TENANT, LLC** | ) | |
| **fdba DMC HISTORIC RESTORATION, LLC** | ) | |
| **dba RHEA HOSPITALITY** | ) | |
| **dba THE MAYTON INN** | ) | |
| | ) | |
| **Debtor.** | ) | |

**THIS MATTER** coming before the Court upon the consent by PINNACLE BANK ("**Pinnacle**") and the Debtor MEMENTO MORI, LLC. (the "**Debtor**") (Pinnacle and the Debtor are collectively referred to herein as, the "**Parties**") to the entry of an order with respect to the Motion for Relief from the Section 362 Automatic Stay or in the Alternative, Adequate Protection [D.E. 139] (the "**Motion**") filed and served by Pinnacle, and the Debtor response to the Motion [D.E. 141] filed and served by the Debtor (the "**Response**").

The Court, with the consent of the Parties, hereby makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW** in connection with the Motion:

1. The Parties have stipulated to the entry of this order and have agreed to the following terms in resolution of the Motion in order to adequately protect Pinnacle's interests:

(a) The Debtor shall make monthly payments adequate protection payments to Pinnacle beginning with the payment due for January 2019, such payments to be interest only payments at that non-default contract rate. The current monthly interest only payment amount is $21,590.43. The non-default contract interest rate is a variable rate, and for that reason the amount of the monthly payment to be paid pursuant to this Order may change. Pinnacle will provide the Debtor and its counsel with notice of any interest rate change and the

corresponding payment amount change. The first payment under this paragraph will be due for the month of January 2019, and will be due not later than 5 business after entry of the cash collateral order following the Third Interim Cash Collateral Order (the "**Next Cash Collateral Order**"). Thereafter, commencing with the month of February 2019 such payments will be made to Pinnacle such that they are received by Pinnacle on or before the 15th of each month.

(b) The Debtor agrees within 5 business days after entry of this Order and the Next Cash Collateral Order to pay all post-petition ad valorem taxes and insurance as they are due regarding the Collateral, as that term is defined in the Motion.

2. In the event the Debtor fails to timely make any payment required hereunder, the Debtor shall have 10 days after written or electronic notice (by email or facsimile) from Pinnacle's counsel to the Debtor's counsel (the "**Cure Period**") to cure any such payment default. Notwithstanding the foregoing, in the event the Debtor fails to timely make any payment or payments required hereunder more than 3 times in any 12 month period, no further Cure Period will apply.

3. If the Debtor fails to timely make any of the foregoing payments as provided herein and within the Cure Period, if applicable, or if the Debtor fails to file a confirmable plan within the exclusivity period, as may be extended from time to time by the Court, then a default will exists and sufficient cause will further exist for Pinnacle to request and obtain a hearing before the Court on the Debtor's non-performance, without the need for the filing of a new and separate motion for relief. Pinnacle need only file a notice of default under this Order and request a hearing in such notice. Such default by the debtor may be considered by the Court as "cause" for the granting of the relief sought by Pinnacle in the Motion.

4. The Parties will continue to discuss consensual treatment of Pinnacle's claims in any proposed plan filed by the Debtor.

5. Absent modification of this Order, the Debtor shall continue to make the adequate protection payments to Pinnacle provided for herein on a monthly basis up until the date any Chapter 11 plan confirmation order becomes final and non-appealable.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

A. The Motion is granted in part and denied in part as set out herein;

B. The Debtor shall make monthly payments adequate protection payments to Pinnacle beginning with the payment due for January 2019, such payments to be interest only payments at that non-default contract rate. The current monthly interest only payment amount is $21,590.43. The non-default contract interest rate is a variable rate, and for that reason the amount of the monthly payment to be paid pursuant to this Order may change. Pinnacle will provide the Debtor and its counsel with notice of any interest rate change and the corresponding payment amount change. The first payment under this paragraph will be due for the month of January 2019, and will be due not later than 5 business after entry of the Next Cash Collateral Order. Thereafter, commencing with the month of February 2019 such payments will be made to Pinnacle such that they are received by Pinnacle on or before the 15th of each month;

C. Within 5 business days after entry of this Order and the Next Cash Collateral Order, the Debtor shall pay all post-petition ad valorem taxes and insurance as they are due regarding the Collateral, as that term is defined in the Motion;

D. In the event the Debtor fails to timely make any payment required hereunder, as a Cure Period the Debtor shall have 10 days after written or electronic notice (by email or facsimile) from Pinnacle's counsel to the Debtor's counsel to cure any such payment default. Notwithstanding the foregoing, in the event the Debtor fails to timely make any payment or payments required hereunder more than 3 times in any 12 month period, no further Cure Period will apply;

E. If the Debtor fails to timely make any of the foregoing payments as provided herein and within the Cure Period, if applicable, or if the Debtor fails to file a confirmable plan within the exclusivity period, as may be extended from time to time by the Court, then a default will exists and sufficient cause will further exist for Pinnacle to request and obtain a hearing before the Court on the Debtor's non-performance, without the need for the filing of a new and separate motion for relief. Pinnacle need only file a notice of default under this Order and request a hearing in such notice. Such default by the debtor may be considered by the Court as "cause" for the granting of the relief sought by Pinnacle in the Motion; and

F. Absent modification of this Order, the Debtor shall continue to make the adequate protection payments to Pinnacle provided for herein on a monthly basis up until the date any Chapter 11 plan confirmation order becomes final and non-appealable.

**CONSENTED AND AGREED TO:**

| **ROBERSON HAWORTH AND REESE, PLLC** | **HENDREN, REDWINE & MALONE, PLLC** |
|---|---|
| BY: /s/ Alan B. Powell | BY: /s/ Rebecca Finch Redwine |
| ALAN B. POWELL<br>NCSB No. 17555<br>apowell@rhrlaw.com | REBECCA FINCH REDWINE<br>(NCSB No. 37012)<br>rredwine@hendrenmalone.com |
| JAMES C. LANIK<br>NCSB No. 30454<br>jlanik@rhrlaw.com | 4600 Marriott Drive, Suite 150<br>Raleigh, North Carolina 27612<br>Office: 919.573.1425 |
| Post Office Box 1550<br>High Point, North Carolina 27261<br>Office: 336.889.8733<br>Fax: 336.885.1280<br>Counsel for Pinnacle Bank | Fax: 919.420.0475<br>Counsel for Debtor Memento Mori, LLC |

**END OF DOCUMENT**